**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CRIMINAL ACTION NO. 04-91-JBC**

**UNITED STATES OF AMERICA,**                                                                      **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**MARK STARR,**                                                                                      **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the defendant's objections to the

Magistrate Judge's Report and Recommendation to deny the defendant's motion to

vacate or set aside his sentence under 28 U.S.C. § 2255.  The court, having

reviewed the record and being otherwise advised, will adopt the Magistrate Judge's

Recommendation (DE 62) and deny the defendant's motion to vacate (DE 37).  To

the extent that the defendant does not specifically object to the report and

recommendation, the court concurs in the result recommended by the Magistrate

Judge.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *Howard v. Sec'y of Health

& Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

"It is well settled that a defendant in a criminal case may waive any right,

even a constitutional right, by means of a plea agreement."  *United States v.

Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (citing *United States v. Ashe*, 47

F.3d 770, 775-76 (6th Cir. 1995)).  "The sine qua non of a valid waiver is that the

defendant enter into the agreement knowingly and voluntarily."  *Fleming*, 239 F.3d

at 764 (citing, inter alia, *Ashe*, 47 F.3d at 776).  So long as it is informed and

voluntary, such a waiver will bar the right to seek collateral relief, as in the form of a § 2255 motion attacking a conviction, sentence, or plea. *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001) (holding "that plea-agreement waivers of § 2255 rights are generally enforceable," even when the § 2255 claim is "based on the claim of ineffective assistance of counsel"); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) (holding "that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief" under § 2255).

On December 2, 2004, the court approved a plea agreement, signed by the defendant, his attorney, and the prosecuting attorney, in which the defendant agreed to enter a plea of guilty to Counts 1 through 10 of the relevant indictment and to admit all facts alleged therein. (DE 21 at 1.) In language set apart by visible emphasis, the plea agreement also provided that "[t]he defendant also knowingly and voluntarily waives any statutory right to attack collaterally the guilty plea and conviction." *Id.* at 8 (emphasis omitted). The plea agreement concluded that "[t]he Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary." *Id.* at 9. After reviewing the record, including the plea agreement, the Magistrate Judge concluded that Starr knowingly and voluntarily waived his right to collaterally challenge his guilty plea, conviction, and sentence. (DE 62 at 7-8.)

2

Therefore, the Magistrate Judge recommended that Starr's § 2255 motion be denied. *Id.* at 8.

In his objection to the Report and Recommendation, the defendant claims that he "did not nor could [he] have fully understood this stipulation [the relevant waivers] in the plea agreement." (DE 64 at 2.)  More specifically, he claims that the prosecutors and the court misled him by relying on "legal jargon such as 'attack collaterally'" that he did not understand and could not have understood. *Id.* at 3. He also claims that "[t]he Court in no way stressed or even mentioned that . . . he would not be able to appeal" and would be left without any avenue to pursue "any miscarriages of justice" in an appeal or subsequent proceeding. *Id.* at 3, 2.  These claims are refuted by the transcript of the defendant's rearraignment, a small portion of which is reproduced below:

|  |  |
|---|---|
| THE COURT: | Are you fully satisfied with [your attorney's] advice, representation, and counsel in this case? |
| DEFENDANT STARR: | Yes. |
|  | . . . |
| THE COURT: | Let me talk to you about this plea agreement just a little. . . . Did you sign this document also? |
| DEFENDANT STARR: | Yes, Your Honor. |
| THE COURT: | Before signing it, Mr. Starr, did you read it or have someone read it to you? |
| DEFENDANT STARR: | Yes, Your Honor. |
| THE COURT: | Do you understand it? |
| DEFENDANT STARR: | Yes, Your Honor. |
| THE COURT: | Have you discussed it thoroughly with your attorney? |
| DEFENDANT STARR: | Yes. |

3

. . .

| THE COURT: | You understand that waiving means give up? |
| DEFENDANT STARR: | Yes, Your Honor. |

. . .

| THE COURT: | Do you understand that you are also giving up your right to attack collaterally the plea and the sentence, *which means simply filing another lawsuit attacking the plea and sentence?* |
| DEFENDANT STARR: | Yes, Your Honor. |
| THE COURT: | Do you do that voluntarily as well? |
| DEFENDANT STARR: | Yes, Your Honor. |
| THE COURT: | And do you understand if you didn't give up those rights, *that you would have the right to file a separate lawsuit*? |
| DEFENDANT STARR: | Yes, Your Honor. |

(DE 32 at 5, 8-9, 14-15 (emphasis added).)  Based on its review of the record, including the signed plea agreement and the transcript of the rearraignment, the court reiterates its previous finding that the defendant made a "knowing and voluntary plea" and that he was "aware of the consequences of [the] plea[,]" including the waiver of his right to obtain the collateral relief sought by his present § 2255 motion.  *Id.* at 28-29.  Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (DE 62) is ADOPTED as the opinion of the court.

IT IS FURTHER ORDERED that the defendant's motion to vacate under § 2255 (DE 37) is DENIED.

Signed on July 31, 2007

4

_Jennifer B. Coffman_
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY